MEMORANDUM **
Oregon state prisoner Gary W. Clarkson appeals from the district court’s judgment dismissing his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Clarkson contends that his trial counsel’s performance was deficient because the attorney: (1) failed to demonstrate during trial that the victim’s mother improperly coached the victim; (2) failed to obtain a medical expert to rebut the testimony of the prosecution’s expert; and (3) failed to object to the introduction of a taped interview of the victim.
We agree with the district court’s conclusion that Clarkson failed to show that his trial counsel’s performance fell below an objective standard of reasonableness, or that any deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Further, Clarkson failed to provide sufficient evidence to rebut the presumption of correctness accorded to the state court’s determination of factual issues under 28 U.S.C. § 2254(e)(1), or to show that the state court’s determination of factual issues was unreasonable in light of the evidence before it. See 28 U.S.C. § 2254(d)(2). Moreover, the state court’s decision was not contrary to or an unreasonable application of clearly estab *137 lished federal law. See 28 U.S.C. § 2254(d)(1).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.